■ AMY E. D'ANGELO et al., Respondents, v FISHER ENGINEERING, a Division of DOUGLAS DYNAMICS, L.L.C., et al., Appellants. (Action No. 1.) RAYMOND G. ROSS, JR., et al., Appellants, v THOMAS D'ANGELO et al., Respondents. (Action No. 2.) [773 NYS2d 688]—Appeals from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered April 2, 2003. The order, inter alia, denied the motion of plaintiffs in action No. 2 for partial summary judgment on liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: These actions, which have been joined for trial, arise from an accident in the Town of Camillus involving a motor vehicle operated by Amy E. D'Angelo, a plaintiff in action No. 1 and a defendant in action No. 2 (D'Angelo), and a truck operated by Raymond G. Ross, Jr., a defendant in action No. 1 and a plaintiff in action No. 2 (Ross). The accident occurred at the intersection of Airport Road and Warners Road when the D'Angelo vehicle turned left onto Warners Road and was struck by the truck, which was headed in the opposite direction on Warners Road. The truck had a snowplow mount on the front without the snowplow blade attached. Action No. 1 was commenced by D'Angelo and her parents seeking to recover damages for the injuries sustained by D'Angelo, and action No. 2 was commenced by Ross and his wife seeking to recover damages for the injuries sustained by Ross.

Supreme Court properly denied that part of the motion of Ross and his wife and the cross motion of the remaining defendants in action No. 1 seeking summary judgment dismissing the amended complaint in that action. In seeking that relief, defendants failed to meet their initial burden with respect to plaintiffs' claims that the snowplow mount enhanced D'Angelo's injuries (see generally Zuckerman v City of New York, 49 NY2d 557, 662 [1980]). In addition, in opposing the motion and cross motion, plaintiffs raised an issue of fact whether Ross was negligent in the operation of the truck. We further conclude that the court properly denied the motion of Ross and his wife in action No. 2 seeking partial summary judgment on the issue

of liability. Present—Pigott, Jr., P.J., Green, Wisner, Hurlbutt and Gorski, JJ.